United States District Court
District of South Carolina

RECEIVED
USDC CLERK. CHARLESTON. SC

2006 JUL 13  P 2: 40

Clarence T. Fox, Jr., #08861-017;  )   C/A No. 2:06-1785-GRA-RSC
                                   )
            Plaintiff;             )
                                   )
vs.                                )   **Report and Recommendation**
                                   )
Federal Bureau of Prisons, in its official capacity; Harley G. )
Lappin, in his individual capacity; John J. Lamanna, in his )
individual capacity; and R. McLafferty, in his individual )
capacity;                          )
                                   )
            Defendants.            )
                                   )

The Plaintiff, Clarence T. Fox (hereafter, the "Plaintiff"), is a federal prisoner proceeding *pro se* in this civil rights action. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in such prisoner cases and submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff complains that he was placed in administrative segregation in June 2005, after he filed a complaint alleging misconduct by prison staff at the Edgefield Federal Correctional Institution (FCI-Edgefield). Plaintiff is presently incarcerated at FCI-Estill, in Estill, South Carolina. On June 27, 2006, the undersigned filed an order directing Plaintiff to answer Special Interrogatories regarding his exhaustion of administrative remedies within the Federal Bureau of Prisons (FBOP). On July 7, 2006, Plaintiff filed his responses and attachments which reveal that he filed and exhausted the inmate grievance process. [Docket Entry # 8-2, pp. 1-7 (FCI-Edgefield Case Number 391037) and Docket Entry # 8-3, pp. 9, 12-17 (FCI-Edgefield

1

Case Number 385896).] Based on the foregoing, Plaintiff is entitled to proceed with his action against Defendants Lamanna and McLafferty.

## *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## NO ACTION AGAINST FEDERAL BUREAU OF PRISONS

Plaintiff brings this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982). Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within

the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 & n. 5 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 & n. 2 (4th Cir. 1987).

Plaintiff's claims against FBOP basically rest upon the doctrine of *respondeat superior*. The doctrine of *respondeat superior* generally is inapplicable to §1983 suits and Bivens actions. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977). The Fourth Circuit Court of Appeals stated that liability under §1983 cannot be premised on the doctrine of *respondeat superior.* See Ross v. Reed, 719 F.2d 689 (4th Cir. 1983). Supervisory liability "is not premised upon *respondeat superior* but upon 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994)(quoting Slakan v Porter, 737 F.2d 368 (4th Cir. 1984)). The Fourth Circuit Court of Appeals also stated that the plaintiff assumes a heavy burden of proof in order to establish supervisory liability. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984). The Court in Slakan stated that "[h]e not only must demonstrate that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive [practices].'" Slakan, 737 F.2d at 373. The Complaint fails to state a claim against

3

FBOP upon which this Court may grant relief.

## NO ACTION AGAINST DEFENDANT LAPPIN

In his official capacity, Defendant Lappin cannot be sued in this Court for the reasons stated above. Plaintiff, however, has sued FBOP Director Lappin in his individual capacity. The Complaint is devoid of any allegation of specific involvement by this Defendant in Plaintiff's administrative segregation. More importantly, Defendant Lappin is not subject to this Court's personal jurisdiction with regard to Plaintiff's claims. A bedrock requirement in any action under 42 U.S.C. § 1983 is that the district court in which a Complaint is brought shall have personal jurisdiction over the person(s) of the defendant(s). Rule 4(e) Federal Rules of Civil Procedure (Fed. R. Civ. P.) ("Service Upon Individuals Within a Judicial District of the United States") by its own title suggests that persons outside a given judicial district cannot be brought into that district court. The Rule, however, allows application of so-called state "long arm" statutes:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Under South Carolina law, nonresidents may be served and subjected to state court jurisdiction, under the provisions of S.C. Code Annotated § 36-2-803 ("Personal jurisdiction based upon

4

conduct"):

>   (1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's
>
>> (a) transacting any business in this State;
>> (b) contracting to supply services or things in the State;
>> (c) commission of a tortious act in whole or in part in this State;
>> (d) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this State; or
>> (e) having an interest in, using, or possessing real property in this State; or
>> (f) contracting to insure any person, property or risk located within this State at the time of contracting; or
>> (g) entry into a contract to be performed in whole or in part by either party in this State; or
>> (h) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.
>
>   (2) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.....

A cursory comparison of the foregoing list with Plaintiff's Complaint, and accompanying documents, demonstrates that this Court is without jurisdiction over Defendant Lappin. Therefore, Defendant Lappin and the Federal Bureau of Prisons should be dismissed as parties to this action.

## RECOMMENDATION

It is recommended that Defendants Lappin and the FBOP be dismissed from this action. The remaining Defendants should be served and required to answer this Complaint. Plaintiff's attention is directed to the Notice on the following page.

*[signature]*
Honorable Robert S. Carr
United States Magistrate Judge

Dated: July 13, 2006
Charleston, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The Plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the Complainer of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
