**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Clarence T. Fox, Jr., #08861-017; <br><br> Plaintiff, <br><br> v. <br><br> Federal Bureau of Prisons, in its official capacity; Harley G. Lappin, in his individual capacity; John L. Lamanna, in his individual capacity; and R. McLafferty, in his individual capacity; <br><br> Defendants. | C/A No. 2:06-1785-GRA-RSC <br><br> **ORDER** <br> (Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed July 13, 2006. Plaintiff brings this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982). The magistrate recommends dismissing the complaint as to Defendant Federal Bureau of Prisons ("FBOP") for lack of a cognizable claim, and dismissing the complaint as to Defendant Harley G. Lappin for lack of personal

jurisdiction. The magistrate further recommends that the remaining Defendants be served and required to answer the complaint.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir.

1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff did not file objections to the Report and Recommendation.

However, Plaintiff filed an "Amended Civil Complaint" on July 27, 2006. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff may amend his complaint once as a matter of course, without leave of court, at any time before a responsive pleading is served. As no responsive pleading has been served in this matter, Plaintiff's amended complaint is proper.

However, the Court finds that the magistrate's Report and Recommendation is based upon the proper law, and after a review of Plaintiff's amended complaint, the Court finds that the report remains the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Plaintiff's amended complaint be DISMISSED without prejudice and without issuance and service of process as to Defendants FBOP and Harley G. Lappin.

IT IS FURTHER ORDERED that Defendants John J. Lamanna and R. McLafferty be served and are required to answer the Complaint.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August __8__, 2006.

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.