UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Clarence T. Fox, | ) | C/A No.: 2:06-cv-1785-GRA-RSC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| John J. LaManna, in his individual capacity; R. McLafferty, in his individual capacity; Brian Finnerty, in his individual capacity; and Brian Gilmore, in his individual capacity, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed November 19, 2007. Plaintiff filed this *Bivens* action on April 27, 2006. The defendants filed a motion for summary judgment on July 10, 2007. Plaintiff filed a response to the motion for summary judgment on November 5, 2007. He filed a supplement to his response on November 7, 2007. The magistrate recommends granting Defendants' motion for summary judgment on the basis of qualified immunity, as to Defendants Finnerty and Gilmore. As to Defendants LaManna and McLafferty, the magistrate recommends granting summary judgment, because Plaintiff failed to provide facts which support a claim for retaliation.

1

**I.	Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general

2

and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).  Plaintiff filed objections to the Report and Recommendation on November 23, 2007.  The defendants filed a response to Plaintiff's objections on December 6, 2007.

### II.     Plaintiff's Objections to the Report and Recommendation

Plaintiff objects to the magistrate's dismissal of the action on summary judgement grounds prior to allowing Plaintiff to conduct discovery.  (Plaintiff's Objections 4.)  He argues that since the magistrate denied summary judgment, as to Defendants LaManna and McLafferty on the issue of qualified immunity, "discovery must be held."  (Pl's. Obj. 4.)  However, this objection is without merit.  Although the magistrate concluded that Defendants LaManna and McLafferty were not entitled to qualified immunity, he concluded that summary judgment was still proper, because Plaintiff failed to proffer facts that support a claim for retaliation.  (Report and Recommendation 15.)  Further, the evidence presented by the defendants shows that Plaintiff's placement in the Special Housing Unit was not retaliatory and that Plaintiff suffered no deprivation of his constitutional rights.  Therefore, there was no need for discovery, since there was sufficient evidence for the magistrate to rule on the motion. *See Cyrus v. U.S. Marshals of Columbia, SC*, 2007 WL 601610, *7 (D.S.C. February

21, 2007)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.")).

Next, Fox objects to the magistrate's conclusion that Defendants Finnerty and Gilmore are entitled to qualified immunity. After a review of the record, it has come to the Court's attention that Fox merely restates and reargues the issues that were set forth in his complaint and response in opposition to summary judgment. These issues were correctly addressed by the magistrate and this Court will not address the issues a second time. The Court agrees with the magistrate's conclusion that Defendants Finnerty and Gilmore are entitled to qualified immunity.

### III.    Conclusion

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment be GRANTED.

IT IS FURTHER ORDERED that all remaining motions be DISMISSED as MOOT.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

February 7, 2008

## NOTICE OF APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.